**COTTON v. ETHERIDGE et al. (two cases).**
**Nos. 3974, 3987.**

Circuit Court of Appeals, Fourth Circuit.
June 8, 1936.

T. Helm Jones, of Norfolk, Va., for appellant.

Roland Thorp, of Norfolk, Va., pro se, for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

On May 15, 1935, the appellee, William Oscar Etheridge, Jr., obtained a loan of $100 from appellant for which he executed his promissory note, bearing interest at the rate of 3½ per cent. per month and secured by a chattel mortgage on certain household furniture and effects. Thereafter he filed a debtor's petition under section 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202. The claim of appellee based on this note and mortgage was allowed by the court, but interest from the time of the allowance of claim was limited to 6 per cent. per annum. This limitation of interest was based on the theory that the filing of the debtor's petition and the allowance of the claim of the appellee amounted to the obtaining of a judgment on the loan within the meaning of the Virginia Small Loan Act, Code, § 4168 (51), which provides: "If judgment be obtained on any loan made under any of

the provisions of this act, such judgment shall carry interest at the rate of six per centum per annum and no more."

 There can be no question but that appellee was a secured creditor; and, this being true, his claim both as to its lien and amount was protected by section 74 (i) of the act, 11 U.S.C.A. § 202 (i), which provides: "(i) Upon its confirmation an extension proposal shall be binding upon the debtor and his unsecured and secured creditors affected thereby: Provided, however, That such extension or composition shall *not reduce the amount of or impair the lien of any secured creditor, but shall affect only the time and method of its liquidation."* (Italics ours.)

It is argued that, as section 74 (m) of the act, as amended by Act June 7, 1934, 11 U.S.C.A. § 202 (m), provides that, upon the filing of a debtor's petition, the administration shall be the same as if a voluntary petition in bankruptcy had been filed and an adjudication had thereon, the approval of such debtor's petition should be given the effect of an adjudication in bankruptcy. But even if it be given this effect, it does not follow that the interest on appellant's debt would be reduced. On the contrary, if appellee had been adjudged a bankrupt, appellant would have had the right to subject the property covered by the chattel mortgage to the payment of the debt with interest at 3½ per cent. per month; and certainly section 74, the purpose of which is to grant an extension of time to the debtor, should not be given the effect of reducing the rate of interest borne by a secured debt in the face of an express provision that it shall "not reduce the amount of or impair the lien of any secured creditor." (subdivision i.) The claim of appellant was not reduced to judgment, but the time of payment was extended under the act. To reduce the rate of interest because of the extension would be to reduce the amount of the secured debt in contravention of the express provision of the act.

The purpose of the Virginia statute is that when the creditor invokes the aid of the law for the collection of a debt such as this, the judgment which the law gives him shall bear interest at the rate of only 6 per cent. Here it is not the creditor but the debtor who has invoked the aid of the law; and he has invoked it, not that the debt may be merged in a judgment for the purpose of collection, but that the

time for payment may be extended. This extension is granted by the amendment to the Bankruptcy Act on express condition that it shall not reduce the amount or impair the lien of any secured debt, "but shall affect only the time and method of its liquidation."

On the appeal to superintend and revise under section 24b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47 (b), the order appealed from will be reversed. The appeal allowed by the judge below will be dismissed.

No. 3974. Reversed.

No. 3987. Appeal dismissed.